CHRYSLER CORPORATION, APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Chrysler Corp. v. Tracy* (1995), 73 Ohio St.3d 26.]

(No. 94–380—Submitted April 18, 1995—Decided August 9, 1995.)

*Teaford, Rich, Coffman & Wheeler* and *Robert J. Kosydar*, for appellant.

*Betty D. Montgomery,* Attorney General, and *Barton A. Hubbard,* Assistant Attorney General, for appellee.

*Emens, Kegler, Brown, Hill & Ritter Co., L.P.A., Paul D. Ritter, Jr.,* and *Holly R. Fischer,* urging affirmance for *amicus curiae,* Enron Access Corp.

*Emens, Kegler, Brown, Hill & Ritter Co., L.P.A., Thomas W. Hill* and *O. Judson Scheaf III,* urging affirmance for *amicus curiae,* Ohio Oil and Gas Association, Inc.

---

*Per Curiam.* R.C. 5739.02(B)(7) states:

"(B) The [sales] tax does not apply to the following:

" * * *

"(7) Sales of natural gas by a natural gas company * * *, if in each case the thing sold is delivered to consumers through * * * pipes, * * * all terms as defined in section 5727.01 of the Revised Code[.]"

Former R.C. 5727.01(E)(4), now (D)(4), states:

"Any person:

" * * *

"(4) Is a natural gas company when engaged in the business of supplying natural gas for lighting, power, or heating purposes to consumers within this state[.]"

Chrysler argues that Access supplies it with natural gas because it purchases the natural gas and sells it to Chrysler. Accordingly, Chrysler contends that Access is a natural gas company and its sales to Chrysler are exempt. The commissioner responds that Access is an unregulated natural gas marketer and does not own or control any physical assets to produce, transport, or distribute natural gas. Thus, the commissioner reasons that Access is not "supplying" natural gas and is not a natural gas company.

This case turns on whether Access is "supplying" Chrysler with natural gas. According to R.C. 1.42:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

We conclude that the Public Utility Commission's decision in *In the Matter of the Application of Yankee Resources, Inc., supra,* provides a technical or particular meaning to the term "supplying." In that matter, the commission held that Yankee, Access's predecessor, was not a natural gas company and, hence, not a public utility. Yankee operated then exactly as Access does now in this case. It

purchased natural gas, taking title to it as in the instant case, arranged to transport it through pipelines, and sold it to contract customers.

Accordingly, Access is a not natural gas company because it is not engaged in the business of supplying natural gas to Chrysler, and its sales of natural gas to Chrysler are taxable.

Consequently, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.